**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

JESUS ROBLES,

      Defendant–Appellant.

No. 13-3179
(D.C. Nos. 2:12-CV-02262-KHV &
2:09-CR-20034-KHV-3)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Jesus Robles requests a certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

Robles was convicted in federal court of conspiracy to possess with intent to

distribute 100 kilograms or more of marijuana and possession with intent to distribute

marijuana. His Guidelines range was 57 to 71 months' imprisonment. The conviction

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for the former charge, however, carried a mandatory minimum sentence of 60 months' imprisonment. The district court imposed a sentence of 64 months to be followed by a four-year term of supervised release. We affirmed Robles' convictions on direct appeal. United States v. Robles, 434 F. App'x 736 (10th Cir. 2011) (unpublished). Robles then filed a § 2255 motion in the district court. The district court denied relief and declined to grant a COA. Robles now seeks a COA from this court.

**II**

To appeal the district court's denial of § 2255 relief, Robles must obtain a COA. § 2253(c)(1)(B). We will grant a COA only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Robles argues that his counsel was ineffective in various respects. To prevail on an ineffective assistance claim, a petitioner must demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In his first claim, Robles contends that his counsel was ineffective for failing to

advise him of the benefits of pleading guilty. We agree with the district court that Robles has failed to allege any particular deficiency in counsel's advice. He bases this claim on the fact that a co-defendant who pled guilty received a 60-month sentence, a few months shorter than Robles'. Even if we assume deficient performance, we conclude Robles has not shown prejudice. If "[h]aving to stand trial, not choosing to waive it, is the prejudice alleged," a defendant must demonstrate a reasonable probability that he would have pled guilty "and that the conviction or sentence . . . would have been less severe than under the judgment and sentence that in fact were imposed." Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). Robles does not allege that he would have pled guilty but for counsel's claimed misadvice, and the record does not suggest Robles was willing to admit guilt. Further, given that he received a sentence just a few months above the mandatory minimum, there is no objective reason to conclude that Robles would have pled guilty and foregone a chance at acquittal.

Second, Robles argues that counsel was ineffective for failing to adequately present his Fourth Amendment claim. DEA agents detained Robles after observing him and several other men unload a number of suspicious packages into a garage. Robles, 434 F. App'x at 737. The agents received written consent to search from the homeowner and a man who rented a room at the home. Id. Robles' counsel moved to suppress the evidence seized from the garage, arguing that Robles possessed a privacy interest in the packages as a bailee. The district court rejected this argument and denied the motion to

- 3 -

suppress based on lack of standing.

Robles expands on the bailee argument in his application for a COA. Regardless of whether Robles possessed standing to mount a Fourth Amendment challenge as a bailee, we conclude that he cannot establish a reasonable probability that the evidence would have been suppressed had counsel presented a more compelling argument. See Strickland, 466 U.S. at 694. The packages at issue were not addressed to Robles, were picked up from a storage facility by another individual, had been loaded into a garage owned by a third individual, and Robles and the others present expressly disclaimed an ownership interest in the packages when questioned at the scene of the arrest. Agents obtained consent from the owner and tenant of the home containing the cardboard boxes. Under these circumstances, the agents reasonably concluded that they had valid consent to search. See United States v. Andrus, 483 F.3d 711, 716 (10th Cir. 2007) ("[A] third party has apparent authority to consent to a search when an officer reasonably, even if erroneously, believes the third party possesses authority to consent.").

In his third claim, Robles asserts that his appellate counsel was ineffective for failing to attack the district court's factual findings in an effort to obtain a downward departure or an acquittal. Robles contends that counsel failed to properly argue against the admissibility of certain evidence. However, we held on direct appeal that the evidence was admissible, see Robles, 434 F. App'x at 739-40, and Robles does not

provide any persuasive argument that was not previously advanced by counsel.[1]

Robles argues in his fourth claim that the admission of hearsay statements violated his Confrontation Clause rights.  However, "because these statements were made in furtherance of a conspiracy, they are nontestimonial and present no Sixth Amendment problem."  United States v. Patterson, 713 F.3d 1237, 1247 (10th Cir. 2013).  Thus, the statements were properly admitted.[2]

Finally, Robles contends that prison officials interfered with his legal mail during direct appeal.  We agree with the district court that Robles has not identified any prejudice flowing from this claimed interference.

---

[1] Robles also states in this claim for relief that the district court judge may have faced difficulty in deciding this issue objectively, but he does not allege any facts suggesting judicial bias.  See Nichols v. Sullivan, 867 F.2d 1250, 1254 (10th Cir. 1989) (setting forth standards for actual and apparent judicial bias).

[2] In a final section of his application for a COA titled "Uncertified Issue," Robles appears to challenge the conclusion that the declarant was a part of the conspiracy.  We rejected this argument on appeal, holding that the district court's factual findings linking the declarant to the charged conspiracy were not clearly erroneous.  Robles, 434 F. App'x at 740.  Robles provides no basis to question this holding.

### III

For the foregoing reasons, Robles' request for a COA is **DENIED** and this appeal is **DISMISSED**.[3]

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] Robles has filed an "Emergency Motion for the Court's Intervention" requesting that this court intervene in a pending investigation by Immigration and Customs Enforcement ("ICE"). Robles states that he was set to be released from federal prison on October 11, 2013, and attaches a detainer from ICE requesting custody upon release. However, a § 2255 petition only permits claims by those "in custody under sentence of a court established by Act of Congress." § 2255(a). Filing pursuant to § 2241 in the district court would be the proper vehicle for a claim that immigration detention is unconstitutional. See Ferry v. Gonzales, 457 F.3d 1117, 1131 (10th Cir. 2006). We express no view on the merits of any such claim.

We also note that Robles' release does not moot his petition because he is subject to supervised release and thus remains "in custody" for habeas purposes. See United States v. Cervini, 379 F.3d 987, 989 n.1 (10th Cir. 2004).