FILED
United States Court of Appeals
Tenth Circuit

December 24, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO CLARK,

Defendant - Appellant.

No. 13-3298
(D. of Kan.)
(D.C. Nos. 2:12-CV-02551-KHV and
2:10-CR-20076-KHV-12)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **TYMKOVICH**, **EBEL**, and **GORSUCH**, Circuit Judges.[**]

---

Antonio Clark appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He argues that the district court erred in rejecting his ineffective assistance of counsel claims and in relying on an incomplete transcript of his change of plea hearing. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we deny a certificate of appealability (COA) and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

Clark was indicted on one count of conspiracy to distribute crack cocaine. The government subsequently filed a motion providing notice that it would seek an enhanced sentence based on a prior drug conviction. The enhancement subjected Clark to a statutory mandatory minimum of 20 years' imprisonment.

Clark signed a written plea agreement in which he agreed to plead guilty in return for the government's promise to (1) recommend a sentence at the low end of the applicable guideline range, (2) recommend a reduction in offense level for acceptance of responsibility, and (3) refrain from filing a second motion seeking a double enhancement of his sentence based on a second prior drug conviction. A double enhancement would have meant a statutory mandatory minimum of life in prison. The plea agreement waived Clark's right to appeal or collaterally attack his sentence absent ineffective assistance of counsel, an upward departure from the applicable guideline range, or an appeal first filed by the government. At the change of plea hearing, the court conducted the Rule 11 colloquy and Clark entered his plea of guilty.

Clark's total offense level and criminal history category resulted in a guideline range of 151 to 188 months' imprisonment. As promised, the government requested a low-end sentence, but the district court disagreed with the recommendation and sentenced Clark to 170 months, still well below the enhanced minimum's 20 years. No direct appeal was ever filed.

Dissatisfied with the sentence, Clark filed a collateral proceeding in district court alleging that his trial counsel was ineffective. He pointed to six instances of ineffective assistance: Counsel (1) failed to conduct a pretrial investigation; (2) coerced Clark into entering a plea agreement that did not benefit him; (3) miscalculated the likely sentence Clark would receive; (4) negotiated the plea despite having a conflict of interest; (5) failed to move for a downward departure or to challenge the base offense level and the amount of drugs attributed to Clark; and (6) failed to file a notice of appeal after being instructed to do so.

The district court found that, with the exception of Clark's appeal claim, the record conclusively established he was not entitled to relief. After appointing Clark new counsel and holding an evidentiary hearing on the remaining issue, the court entered an order rejecting the appeal claim and denying a COA on all of the claims.

## II. Discussion

A COA is a jurisdictional prerequisite to our review of a § 2255 motion. *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). "We will issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* (internal quotation marks omitted). To make the requisite showing, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 494 (2000)). In assessing the applicant's claims, "we review the district court's legal conclusions de novo and its factual findings under the clearly erroneous standard." *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001) (alteration omitted).

## A. *Transcript of the Change of Plea Hearing*

Clark first alleges that the district court's reliance on the transcript of the change of plea hearing denied him his due process right to appeal. He claims the transcript is materially incomplete and that, without a full transcript of the proceedings below, he cannot properly pursue his appeal. He assigns two errors flowing from the incomplete transcript: (1) any instance in which the district court made a finding of fact based on the change of plea proceeding is clearly erroneous; and (2) the gaps in the transcript denied him his due process right to an accurate record of proceedings and meaningful post-conviction review.

"An elementary component of due process is the right to meaningful appellate review," which "necessarily means one is entitled to a reasonably complete and accurate transcript, or an adequate substitute." *Witjaksono v. Holder*, 573 F.3d 968, 974 (10th Cir. 2009). Clark argues that the "errors in the transcript are significant enough to require reversal in and of themselves as significant omissions." Aplt. Br. at 21–22. To obtain relief, however, Clark must

-4-

do more than point out the transcription defects and label them significant.[1]  He "must show that the deficient transcript prejudiced his ability to perfect an appeal."  *Witjaksono*, 573 F.3d at 974–75; *see also Harden v. Maxwell*, No. 00-7032, 2000 WL 1208320, 229 F.3d 1163, at *1 (10th Cir. Aug. 25, 2000) (unpublished table opinion) (collecting cases).

Clark makes no specific showing of prejudice.  The testimony marked inaudible was Clark's own testimony.  If Clark did in fact make material statements during the colloquy that would undermine the district court's reliance on it, he is in the best position to say so.  *See Ortiz-Salas v. INS*, 992 F.2d 105, 106 (7th Cir. 1993) ("A litigant who seeks reversal on the ground of a denial of due process that is due to an inaccurate or incomplete transcript is . . . required to make the best feasible showing he can that a complete and accurate transcript would have changed the outcome of the case.").

---

[1]  Clark relies on an Eleventh Circuit decision, *United States v. Cashwell*, 950 F.2d 699 (11th Cir. 1992), for his argument that the significance of the omissions alone warrants reversal.  Aplt. Br. at 20.  The Fifth and Eleventh Circuits follow a bifurcated approach in determining whether an incomplete transcript necessitates reversal.  *See United States v. Preciado-Cordobas*, 981 F.2d 1206, 1212 (11th Cir. 1993); *United States v. Selva*, 559 F.2d 1303, 1306 (5th Cir. 1977).  If a defendant has new counsel on appeal and there are substantial and significant omissions in the trial transcript, the defendant is entitled to a new trial.  If counsel remains the same on appeal, however, a new trial is warranted only if the defendant can establish the transcript errors prejudiced his ability to appeal.  Clark urges us to apply the more lenient substantial and significant omissions standard here.  But we, along with the majority of circuits, require an appellant to show the transcription errors specifically prejudiced his ability to perfect an appeal, regardless of whether or not appellate counsel is new.  *See United States v. Haber*, 251 F.3d 881, 889 (10th Cir. 2001).

The Federal Rules of Appellate Procedure, moreover, provide a procedure for this very situation. Rule 10 permits an omission in the record to be corrected by stipulation of the parties, by the district court either before or after the record has been forwarded, or by the court of appeals. *See* Fed. R. App. P. 10(e). There is nothing in the record to indicate Clark attempted to fill the gaps in the transcript when it seems he reasonably could have done so. *See Witjaksono*, 573 F.3d at 975–76; *cf. United States v. Taverna*, 348 F.3d 873, 880 (10th Cir. 2003). And it is obvious from the transcript that many of the gaps were because Clark communicated by physical movement, rather than speaking. It is also obvious that the district court and parties at the change of plea proceeding understood what was happening and no misperceptions arose from the colloquy. Nor have the gaps in the transcript impaired our ability to conduct a meaningful review. Thus, we cannot say Clark was prejudiced by the incomplete state of the transcript.

We also disagree with Clark's contention that the district court's findings of fact based on the change of plea hearing were clearly erroneous. "A finding of fact is 'clearly erroneous' if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." *United States v. Pulliam*, 748 F.3d 967, 970 (10th Cir. 2014). We will "uphold any district court finding that is permissible in light of the evidence." *Id.*

-6-

The district court found Clark answered affirmatively the various questions from the magistrate judge during the change of plea colloquy. *See United States v. Clark*, No. 12–2551–KHV, 2013 WL 5314429, at *2, *4, *5 n.7 (D. Kan. Sept. 23, 2013) ("*Clark I*"). He conceded, among other things, that the government had evidence that he committed the crime, that he reviewed the plea agreement with counsel, and that his plea was free and voluntary. Clark argues that the missing testimony renders it impossible for the district court to draw any conclusion as to what was said at the hearing.

After a careful review of the transcript and viewing the inaudible testimony in the context of the hearing as a whole, we are not "left with a definite and firm conviction that a mistake has been made." *Pulliam*, 748 F.3d at 970. First, it is clear from the transcript when Clark did not provide a rote answer to the magistrate judge's questions. In those instances, the magistrate judge engaged in a thorough follow-up until Clark understood and provided an answer that would allow the colloquy to proceed. *See, e.g.*, R., Vol. II at 13 ("I want to make sure your answer is consistent with my question."); *id.* at 19 ("Let me ask it a different way."). Second, the magistrate judge stated that Clark had answered all of his questions. *See id.* at 43 ("Mr. Clark, having patiently answered my questions up to this point . . . ."); *id.* at 47 ("Mr. Clark, I know I sound like a broken record here, but I want to make sure you understand you have no obligation to plead guilty this afternoon. But having answered all of my questions, it's my understanding that you still want to plead guilty to Count 1.").

-7-

In sum, Clark has not shown a denial of due process flowing from the record on appeal.

## B. *Ineffective Assistance of Counsel*

Clark also takes issue with the district court's reliance on the Rule 11 colloquy in denying his ineffective assistance of counsel claims. Clark seeks a COA on three instances of ineffective assistance: (1) counsel's inadequate pretrial investigation, (2) counsel's miscalculation of his likely sentence,[2] and (3) counsel's failure to file an appeal.

To establish that his representation was constitutionally deficient, Clark must show the "representation fell below an objective standard of reasonableness" and that it prejudiced him such that there exists "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985). The reasonable probability standard "requires a substantial, not just conceivable, likelihood of a

---

[2] Clark placed the sentencing claim under the more general heading, "Counsel Was Ineffective In Conducting and Advising Mr. Clark regarding Plea Negotiations." Aplt. Br. at 25. Although Clark touched on the district court's denial of two of his other plea negotiation claims raised in his § 2255 motion—that counsel coerced him into pleading guilty and advised him to enter an agreement that provided him no benefit—the brief does not go on to address these claims in any detail. We find them waived. *See Am. Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992) ("It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for appeal."); Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . .").

different result." *Cullen v. Pinholster*, 131 S. Ct. 1338, 1403 (2011) (internal quotation marks omitted).

### 1. *The Investigation Claim*

Clark first argues that counsel should have conducted an independent investigation of the facts and should not have relied on the evidence provided by the government. He criticizes counsel for not interviewing his co-defendants because their proffers to the government regarding his involvement were inherently biased.

Even assuming deficient performance, however, Clark has not shown how his defense was prejudiced as a result of the alleged failure to investigate. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Clark does not specify what counsel would have learned from interviewing his co-defendants. The mere speculation that doing so would have produced exculpatory evidence is not sufficient to demonstrate prejudice.

Clark says prejudice is established by his statement that but for counsel's errors, he would have proceeded to trial. He contends that going to trial was a genuine possibility, citing counsel's statement in his affidavit that Clark vacillated between pleading guilty and going to trial. As to Clark's statement, we have voiced our suspicion of "bald, post hoc and unsupported statements that a defendant would have changed his plea absent counsel's errors." *Heard v.*

-9-

*Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013); *see also Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) ("[A] petitioner's mere allegation that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief."). Counsel's statement that Clark considered going to trial, standing alone, is not enough to establish prejudice. As the district court noted, "[i]n light of the evidence and the significant benefits which defendant received under the plea agreement, defendant has not shown how a decision to reject the plea agreement would have been rational under the circumstances." *Clark I*, 2013 WL 5314429, at *3 (citing *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

After our own review, we can discern no basis on which reasonable jurists would find the district court's assessment debatable or wrong. We therefore decline to issue a COA on this claim.

### 2. The Sentencing Claim

Clark next alleges that counsel advised him he would receive a 120-month sentence if he pleaded guilty. It is well established in this circuit that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570–71 (10th Cir. 1993); *see also United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005). Even assuming counsel was deficient in advising Clark on the consequences of pleading guilty, however, Clark again fails to demonstrate prejudice.

-10-

Clark had fair notice of the sentence he faced before he entered his plea. In the plea petition, Clark stated that counsel had informed him "that the plea of 'GUILTY' could subject [him] to a mandatory minimum sentence of not less than 20 years." R., Vol. I at 30. The petition also declared, "If anyone else, including my attorney, made such a promise, suggestion, or prediction [regarding the application of the Guidelines], . . . I know he had no authority to do so." *Id.* at 31. The plea agreement Clark signed likewise stated that he faced a 20-year sentence and that sentencing was solely in the court's discretion. R., Vol. III at 4, 18. Moreover, it is clear, even from the incomplete transcript, that the magistrate judge thoroughly explained the mechanics of sentencing to Clark in open court at the change of plea hearing.

Clark again points to his statement that he would have proceeded to trial but for counsel's error and counsel's statement that Clark vacillated in his decision of whether to plead guilty. He also argues that his statements at sentencing in which he expressed confusion as to why his sentence was calculated based on the total amount of drugs attributed to the conspiracy and not just the drugs for which he was responsible demonstrated that he would not have pleaded guilty had counsel properly advised him. As we have already explained, we do not ascribe any weight to Clark's mere allegation that he would have proceeded to trial. *See Gordon*, 4 F.3d at 1571. Given the numerous instances in which Clark was informed of the sentence he faced before he entered his plea, we cannot say his initial indecision over whether to proceed to trial or his subsequent confusion

over the law of conspiracy demonstrates a reasonable probability that he would have rejected the plea and proceeded to trial.

Accordingly, we find no reasonable jurists could debate the correctness of the district court's denial of the sentencing claim, and we decline to issue a COA on this issue.

### 3. The Appeal Claim

Finally, Clark challenges counsel's failure to appeal his sentence. The district court credited counsel's testimony at the evidentiary hearing that Clark did not instruct him to file an appeal. Based on that finding, the district court rejected Clark's claim that counsel's failure to file an appeal was constitutionally deficient. We discern no clear error in the district court's determination that Clark did not request an appeal. Clark contends, however, that the district court erred in its analysis. Even if he did not instruct counsel to file an appeal, he argues the district court should have gone on to consider whether counsel had an additional constitutional duty to consult with Clark regarding an appeal.

The Supreme Court's opinion in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), guides the application of the *Strickland* test to claims that counsel was ineffective in failing to file an appeal. If a defendant specifically instructs his counsel to file an appeal and counsel disregards that instruction, he has acted in a professionally unreasonable manner. *Id.* at 477. But if a defendant says nothing to his counsel about an appeal, counsel's conduct may still be constitutionally deficient. In that scenario, we ask whether counsel in fact consulted with the

-12-

defendant about an appeal, and if not, whether counsel had a constitutional duty to do so. *Id.* at 478. Such a duty arises only "when there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

We do not fault the district court for not answering these questions because Clark did not pose them. A careful review of Clark's habeas petition and subsequent filings reveals this theory of ineffectiveness simply was not raised before the district court. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Although we liberally construe *pro se* filings, we do not assume the role of advocate." (internal quotation marks omitted)). Arguments not raised before the district court are forfeited, and although "we will entertain forfeited theories on appeal, . . . we will reverse a district court's judgment on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127–28 (10th Cir. 2011); *see also Fairchild v. Workman*, 579 F.3d 1134, 1144 (10th Cir. 2009) ("[W]e ordinarily do not decide issues raised for the first time on appeal."). We discern no plain error here.

Even considering, for the sake of argument, that by citing to *Flores-Ortega*, Clark made the duty to consult argument before the district court, Clark has not demonstrated his counsel performed deficiently or prejudicially. In *Flores-Ortega*, the Supreme Court expressly rejected "a bright-line rule that counsel

-13-

must always consult with the defendant regarding an appeal." *Flores-Ortega*, 528 U.S. at 480. In doing so, the Court gave the following example: "suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information." *Id.* at 480–81; *see also United States v. Parker*, 720 F.3d 781, 785 n.3 (10th Cir. 2013) (noting that a "court's clear explanation of appeal rights to a defendant may substitute for counsel's failure to consult"). The Court went on to say that in deciding whether a duty existed, "a highly relevant factor" is "whether the conviction follow[ed] a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 480. Other factors that tend to indicate no duty include "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

All of these factors point away from finding a duty existed in Clark's case. Clark's conviction followed a guilty plea entered pursuant to a plea agreement that waived all of his appellate rights with three limited exceptions. Moreover, the district court found that Clark was well aware of the limited nature of his appeal rights. Specifically, the court noted the "thorough explanation" of the appeal waiver at the change of plea hearing, the "explicit terms" contained in the

-14-

plea agreement regarding his ability to appeal, and counsel's testimony at the evidentiary hearing that he discussed the terms of the plea agreement with Clark.[3] *See United States v. Clark*, No. 10–20076–12–KHV, 2013 WL 6050160, at *1 (D. Kan. Nov. 15, 2013) ("*Clark II*").

For all of these reasons, we find Clark has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and we deny a COA on his appeal claim.

### C. Evidentiary Hearing

Clark also argues that the district court erred in only holding an evidentiary hearing on the appeal claim. We review a district court's denial of an evidentiary hearing under the deferential abuse of discretion standard. *Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858 (10th Cir. 2005). "In response to a § 2255 motion, the district court must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) (internal quotation marks and alteration omitted).

---

[3] This court has previously found a defendant's "apparent decision about an appeal [was] made manifest in the plea agreement where his right to appeal (and to collaterally attack the conviction or sentence) was waived by clear and understandable language" and that the defendant's "informed decision about the waiver was confirmed by the trial judge during the guilty plea colloquy." *Parker*, 720 F.3d at 785 n.3.

For reasons already discussed, the record conclusively showed Clark was not entitled to relief on his other ineffective assistance theories. Accordingly, the district court did not abuse its discretion, and we deny a COA on this issue.

## III. Conclusion

For the foregoing reasons, we DENY a COA and DISMISS the appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge