**UNITED STATES COURT OF APPEALS**

**April 5, 2017**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KAREN COX,

Defendant - Appellant.

No. 16-8066
(D.C. No. 2:15-CR-00180-ABJ-1)
D. Wyo.

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HOLMES**, and **PHILLIPS**, Circuit Judges.

Karen Cox was charged with conspiracy to distribute 50 grams or more of

methamphetamine. At trial, the government introduced evidence of Cox's

methamphetamine transactions during the conspiracy period identified in the

indictment, as well as evidence of several transactions predating that period. Cox

objected, claiming the evidence of the earlier methamphetamine sales was

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Per the court's February 28, 2017 order, this case was submitted on the briefs. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

extrinsic to the charged offense and therefore was evidence of a prior bad act that should be excluded under Federal Rule of Evidence 404(b). The district court overruled her objection and admitted the evidence.

Cox was convicted and sentenced to 121 months' imprisonment, followed by 60 months of supervised release. Cox appealed, arguing the evidence should have been excluded under Rule 403, because it was both cumulative and unnecessary and unfairly prejudicial. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Karen Cox was indicted for conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The indictment charged a conspiracy running between July 1, 2014 and September 24, 2015. At trial, the government introduced extensive evidence of Cox's methamphetamine transactions during the charged conspiracy period. But it also introduced evidence from a witness who testified about various methamphetamine sales he made to Cox between January and March 2014.

Cox objected, arguing the witness's testimony constituted extrinsic evidence of a bad act other than the one charged, in violation of Federal Rule of Evidence 404(b). Cox ultimately conceded that evidence of her earlier methamphetamine transactions might qualify for admission under the Rule 404(b)(2) exception for evidence of a common plan or design between the

charged crime and the extrinsic act. But she requested a limiting instruction under Rule 105 that the evidence only be used for such a purpose. The district court rejected this request and found the sales at issue were not extrinsic, but rather were "inextricably intertwined with the conspiracy in this case." R., Vol. 3 at 453–54. As such, they constituted intrinsic evidence and did not implicate Rule 404(b). Cox was convicted and sentenced to 121 months' imprisonment, followed by a 60-month term of supervised release.

## II. Analysis

On appeal, Cox does not appear to challenge the district court's finding that the methamphetamine sales predating the conspiracy dates were intrinsic to the conspiracy; rather, she argues evidence of these earlier sales should have been excluded under Rule 403, because they were both cumulative and unnecessary and unfairly prejudicial.

We review the district court's evidentiary rulings for an abuse of discretion, "which means we will not disturb the district court's ruling 'absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment.'" *United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010) (quoting *United States v. Stiger*, 413 F.3d 1185, 1194 (10th Cir. 2005)). In other words, "[w]e will not reverse a district court's ruling if 'it falls within the bounds of permissible choice in the circumstances' and is not 'arbitrary, capricious or whimsical.'" *United States v.*

*Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (quoting *United States v. Shumway*, 112 F.3d 1413, 1419 (10th Cir. 1997)).

As an initial matter, it is not clear Cox has sufficiently preserved her Rule 403 argument for appellate review. At trial, she cited only Rule 404(b)'s prohibition on the use of "other act" evidence to prove character—it was not until her appellate brief that Cox argued the admission of the evidence upset the balancing test required by Rule 403. But we need not resolve this question, because even if we assume Cox adequately preserved her Rule 403 arguments for our review, these arguments fail on the merits.

Federal Rule of Evidence 403 permits the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 sets a high bar for reversing a district court's decision to admit relevant evidence. We have previously stated, "our law *favors* admission of all relevant evidence not otherwise proscribed." *United States v. Watson*, 766 F.3d 1219, 1241 (10th Cir. 2014) (quoting *United States v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011)). Excluding evidence under Rule 403 is therefore "an extraordinary remedy [that] should be used sparingly." *Watson*, 766 F.3d at 1241 (quoting *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999)).

Cox fails to convince us the district court should have deployed this extraordinary remedy here. The challenged evidence was probative for two main reasons. First, it showed Cox was engaged in a continuous conspiracy to buy and sell methamphetamine. Second, it helped disprove Cox's claim that she had only purchased methamphetamine from a single supplier, one who allegedly ceased operations prior to the beginning of the charged conspiracy. And even though the evidence may have been prejudicial in the eyes of the jury, it was not unfairly so. "Rule 403 does not protect a party from all prejudice, only unfair prejudice." *United States v. Smith*, 534 F.3d 1211, 1218 (10th Cir. 2008) (quoting *Deters v. Equifax Credit Info. Servs.*, 202 F.3d 1262, 1274 (10th Cir. 2000)). Numerous other sources of evidence introduced at trial suggested Cox was, in fact, engaged in methamphetamine transactions during the charged conspiracy dates. Nor was the evidence needlessly cumulative. To the contrary, it was distinctive evidence of the nature of Cox's methamphetamine operations—in particular, evidence that she relied on multiple suppliers.

Accordingly, given the probative value of the evidence and the corresponding lack of unfair prejudice and needless cumulativeness, the district court did not err in admitting the challenged evidence.

## III. Conclusion

For these reasons, we AFFIRM the district court's decision to admit

evidence of methamphetamine sales predating the conspiracy period.

Entered for the Court


Timothy M. Tymkovich
Chief Judge