FILED
**United States Court of Appeals
Tenth Circuit**

**August 2, 2019**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KAREN MICHELLE COX,

    Defendant - Appellant.

No. 19-8000
(D.C. Nos. 2:18-CV-00048-ABJ &
2:15-CR-00180-ABJ-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Karen Cox, a federal prisoner proceeding *pro se*,[1] seeks a certificate of

appealability (COA) to appeal the district court's denial of her 28 U.S.C. § 2255 petition.

We conclude that reasonable jurists could not debate that the district court erred when it

denied Cox's § 2255 petition. Thus, we deny Cox a COA.

**BACKGROUND**

In 2016, a jury convicted Cox of Conspiracy to Distribute 50 Grams or More of

Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The district

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe the pleadings of *pro se* litigants. *United States v.
Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

court sentenced Cox to 121 months' imprisonment followed by five years' supervised release. Cox appealed her sentence on June 17, 2016, and we affirmed. *United States v. Cox*, 684 F. App'x 706 (10th Cir. 2017).

In 2018, Cox filed a § 2255 petition in the district court requesting that her sentence be vacated. As grounds, she claimed that both her trial and appellate counsel were ineffective. The district court denied her petition and denied her a COA. Cox now seeks a COA from this court.

## DISCUSSION

A COA is a jurisdictional prerequisite for appellate review of a denial of a § 2255 petition. *United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires that a petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Cox seeks a COA to appeal whether her trial and appellate counsel were ineffective.[2] To prove an ineffective assistance of counsel claim, Cox must show two

---

[2] In addition to her ineffective assistance of counsel claims, Cox gives two other reasons why she believes the district court erred in denying her § 2255 petition. First, she claims that, were her sentence to be reduced beneath the mandatory minimum under the "safety valve" provision (18 U.S.C. § 3553(f)), she would also be eligible for a further reduction under Amendment 794. We agree with the district court's holding that it lacked jurisdiction to reduce her sentence under § 3553(f) in a § 2255 petition. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Second, Cox seeks to appeal the denial of her motion to strike the government's response to her § 2255 petition for being overlong in violation of District of Wyoming Local Rule 7.1(b)(2)(B). The district court has complete

things. First, she must show that counsel's performance was deficient, meaning that it fell "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, Cox must demonstrate that counsel's deficient performance prejudiced her, which requires her to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A failure to demonstrate *either* deficiency or prejudice is fatal to an ineffective assistance of counsel claim. *Id.* at 700.

## I.      Ineffective Assistance of Trial Counsel

Cox attacks the performance of her trial counsel on multiple fronts. She alleges that her counsel was ineffective throughout pre-trial proceedings, during trial, and at sentencing. We consider these arguments in full and, ultimately, hold that no reasonable jurist would argue that Cox is entitled to relief on any of these claims.

Cox first claims that her attorney was ineffective because he failed to advise her of the possible benefits of pleading guilty. A defendant claiming that his attorney's advice was deficient in this regard must point to particular failings in that advice. *See United States v. Robles*, 546 F. App'x 751, 753 (10th Cir. 2013). Cox fails to allege any specific deficiency in the advice her attorney gave her concerning the benefits of accepting a plea.

---

discretion to grant or deny a motion to strike for length. *See Baum v. Great Western Cities, Inc., of New Mexico*, 703 F.2d 1197, 1212 (10th Cir. 1983) ("A trial court's denial of motions or objections to rulings will not be disturbed on appeal unless it affirmatively appears that the trial court abused its discretion."). We do not identify an abuse of that discretion here.

Nor does Cox identify what advice she should have received. Accordingly, no reasonable jurist would debate the merits of Cox's claim.

Second, Cox argues that her trial counsel was ineffective for failing to negotiate a plea with the prosecutor. But Cox acknowledges that her attorney conveyed to her a plea offer extended by the government for eight years' imprisonment. Cox refused this deal, claiming factual innocence regarding the dates charged in the indictment. The existence of this offer, secured by counsel and conveyed to the client, makes it clear that Cox's trial attorney did negotiate a plea deal, contrary to Cox's claim.

Cox also claims that on the eve of trial the government presented her counsel with a second plea offer, which counsel never relayed to her. She argues her counsel was ineffective for failing to inform her of this offer. Defense counsel's failure to communicate a second formal deal to the defendant would constitute deficient performance. *Missouri v. Frye*, 566 U.S. 134, 145 (2012). But Cox later states that she *had* received the second offer, and rejected it because "she had already made up her mind to proceed to trial . . . ." Reply to United States' Resp. to Def.'s Mot. Under 28 U.S.C. § 2255 at 3. Taking Cox's allegations as true, these factual inconsistencies foreclose any reasonable argument that she is entitled to relief on her claim of deficient performance by trial counsel at the pleading stage.

Cox next claims trial counsel was ineffective for failing to investigate her case. Cox claims that her attorney failed to follow the leads she provided, failed to request GPS data related to two government informants, and did not hire a private investigator.

4

Assuming without deciding that Cox's counsel was deficient in this regard, we fail to see how Cox was prejudiced by any such deficiency.

To establish prejudice, Cox must demonstrate that any additional investigation would have uncovered exculpatory evidence, and she must show that this evidence would have impacted the outcome of her trial. *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States,* 254 F.3d 1180, 1188 n. 1 (10th Cir. 2001) (en banc). Mere speculation that additional investigation might have discovered exculpatory evidence is insufficient. *United States v. Clark*, 596 F. App'x 696, 701 (10th Cir. 2014).

Aside from the speculative assertion that additional investigation could have exonerated her, Cox fails to detail what evidence she believes any additional investigation would have unearthed, or to explain how such evidence would have impacted her trial. The closest Cox comes is her suggestion that following up on her leads might have provided alibis for the dates charged in the indictment. But Cox does not explain how these leads could have possibly established an alibi sufficient to defend against a charge of a conspiracy spanning nearly fifteen months. Accordingly, Cox fails to demonstrate that she was prejudiced by any potentially deficient failure to investigate.

Cox also claims that her counsel was ineffective throughout trial. Specifically, Cox claims that her counsel failed to call alibi witnesses and failed to effectively cross-examine government witnesses.[3] For these claims, Cox must assert with particularity

---

[3] Cox also alleges that her attorney failed to keep her apprised of his overall trial strategy. Tactical decisions at trial are a matter for counsel's discretion, and we

5

what evidence would have been elicited if her counsel had called the additional witnesses or conducted the additional cross-examination. *See Pickens v. Gibson*, 206 F.3d 988, 1003 (10th Cir. 2000). When evaluating her attorney's trial strategy, we apply a "presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689. It is the petitioner's burden to "show[] that counsel's action or inaction was not based on a valid strategic choice." *Bullock v. Carver*, 297 F.3d 1036, 1047 (10th Cir. 2002) (quoting Wayne R. LaFave et al., *Criminal Procedure* § 11.10(c) at 715 (West 2d 1999)). It is inarguable that Cox fails to meet this standard. Cox does not detail what evidence any additional witnesses would have provided, and she also fails to explain how additional cross-examination would have worked in her favor. Thus, she has failed to demonstrate deficient performance.

Finally, Cox challenges her trial counsel's conduct at sentencing. Cox claims that her attorney's failure to object to certain facts laid out in the presentence investigation report (PSR) and his failure to explain to her the PSR and the guideline range for her sentence constitutes deficient performance. But the record shows that, at her counsel's

---

apply a heavy measure of deference to counsel's judgments. *Newmiller v. Raemisch*, 877 F.3d 1178, 1198 (10th Cir. 2017). To establish ineffectiveness on the grounds of failure to communicate, a defendant must demonstrate "a complete breakdown in communication" between her and her attorney. *United States v. Rhodes*, 157 F. App'x 84, 87 (10th Cir. 2005) (quoting *United States v. Soto Hernandez*, 849 F.2d 1325, 1328 (10th Cir. 1988)). Cox has not alleged that there was such a complete breakdown and has therefore not made a substantial showing of ineffectiveness for failure to keep her apprised.

request, the sentencing court recessed so that counsel could explain the PSR to her. When asked by the judge if she had reviewed and understood the PSR, she answered in the affirmative. Accordingly, Cox's claim of deficient performance at sentencing must fail.

In sum, Cox fails to make a substantial showing that her counsel was ineffective, such that reasonable jurists could debate the district court's denial of relief. We therefore hold that Cox is not entitled to a COA to appeal the district court's decision regarding ineffective assistance by trial counsel.

## II.      Ineffective Assistance of Appellate Counsel

Cox also claims that her appellate counsel was ineffective. She makes two claims in that regard. First, Cox argues that her appellate counsel did not communicate with her or allow her to participate meaningfully in her appeal. To be sure, an attorney has a duty to communicate with his or her client. But Cox offers no specifics about how much or little she and her appellate counsel communicated. Nor does Cox explain how counsel's failure to communicate during the appeal process fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 691. Further, she fails to identify how her active participation in appellate counsel's briefing of the case would have changed the outcome of her appeal. *Id.* at 694. Though we will liberally construe a *pro se* litigant's brief, we cannot act as their advocate or fashion their arguments for them. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Thus, without any explanation of her claim that appellate counsel's lack of communication with her was

7

deficient or how it actually prejudiced her appeal to this Court, we cannot discern a substantial showing of the denial of a constitutional right.

Cox's second argument regarding ineffective assistance by her appellate counsel centers on the issue he chose to raise on appeal. The sole issue on Cox's direct appeal related to Federal Rule of Evidence 403, specifically, that the trial judge erred by admitting cumulative and unfairly prejudicial evidence of methamphetamine sales that occurred before the dates charged in the indictment, but which the court found intrinsic to the charged conspiracy. *United States v. Cox*, 684 F. App'x 706 (10th Cir. 2017). Cox argues that her appellate counsel should instead have raised two other arguments: (1) that the prior methamphetamine sales were not intrinsic to the charged conspiracy, and (2) that the trial judge erred in denying her a sentence departure under the "safety valve" provision of 18 U.S.C. § 3553(f).

When considering an ineffective assistance of appellate counsel claim for failure to raise an issue on appeal, we look to the merits of the omitted issues. *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999). Appellate counsel's constitutional performance is judged by the same deficient and prejudicial standard as at trial. *Id.* Cox therefore must show deficiency (that her attorney's choice not to raise an issue was unreasonable, because it was obvious from the trial record) and prejudice (a reasonable probability that either of her proposed arguments would have led to a different outcome). *Barnett v. Hargett*, 174 F.3d 1128, 1135 (10th Cir. 1999). In other words, Cox must show that it was objectively unreasonable to have raised the Rule 403 issue over other potential

arguments, and that but for counsel's choice there was a reasonable probability that she would have prevailed on appeal. *Bush v. Carpenter*, 926 F.3d 644, 684 (10th Cir. 2019).

Other than insisting that counsel should have challenged findings that the admitted testimony was intrinsic to the conspiracy, Cox does not outline how the outcome would have differed had counsel pursued that argument. At trial, Cox's counsel objected to testimony (relating to methamphetamine sales predating the dates listed on the indictment by several months) as violating Federal Rule of Evidence 404(b)'s prohibition of evidence of prior crimes or bad acts. The trial judge overruled this objection, holding that the earlier sales were "inextricably intertwined with the conspiracy." *United States v. Cox*, 684 F. App'x at 707 (quoting to the record at trial). Trial counsel conceded that the testimony may have been admissible, even if not intrinsic to the charged conspiracy, as Fed. R. Evid. 404(b)(2) evidence of a common plan or design. *Id.* Because trial counsel conceded that the evidence could be admitted for limited purposes even if found to be extrinsic to the charged conspiracy, there would be nothing to gain by arguing on appeal that the testimony was improperly admitted as "inextricably intertwined." *See United States v. Jackson*, 88 F.3d 845, 847 (10th Cir. 1996) ("So long as the evidence is admissible under some legally correct theory, no error occurred.") Reasonable jurists could not debate that appellate counsel was deficient for failing to argue for the testimony's inadmissibility under one theory, when it had been conceded at trial that it would be admissible under another theory. There has not been, therefore, a substantial showing of appellate counsel's deficient performance regarding this first proposed issue.

9

Cox also claims that her appellate counsel should have raised that the District Court erred in denying Cox's sentence departure under the "safety valve" provision. For Cox to have qualified for the safety valve, she would have needed to have convinced the sentencing judge that she had "truthfully provided to the government all information and evidence" she had regarding the conspiracy. 18 U.S.C. § 3553(f)(5). Cox claimed to have fulfilled this element based on a single conversation with Wyoming investigators which took place before criminal charges were brought. The trial court did not accept her claim. Cox claims that the court denied her safety valve departure because she initially pleaded not guilty. The record indicates, however, that the court based its decision on inconsistencies between what she told the investigators and what was proven at trial. Accordingly, Cox's appellate counsel would not have had a reasonable probability of success had he chosen to raise this issue on appeal.

## CONCLUSION

For the reasons stated above, we deny Cox's application for a COA and dismiss this appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge

10